UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN KERN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:08CV713 CDP |
| | ) |
| CITY OF GERALD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a § 1983 civil rights case in which plaintiffs allege that the City of Gerald, its police department, and other defendants violated the rights of plaintiffs by arresting them without cause and without a warrant. Defendants City of Gerald, City of Gerald Police, Mayor Otis Schulte, and members of the Board of Aldermen have moved to dismiss for failure to state a claim. I will grant the defendants' motion with respect to the claims brought against the Gerald Police Department, as the department is not a suable entity under Missouri law. Defendants' motion will be denied in all other respects.

### Background

Plaintiffs allege that defendant William Jacob posed as a federal agent and invited himself to join the City of Gerald Police Department. Plaintiffs claim

officials in the police department did not question Jacob or make an effort to confirm his background, and allowed Jacob to accompany police officers on calls and to make arrests. Jacob, under color of law and with the cooperation of the Gerald Police Department, proceeded to unlawfully arrest numerous individuals without cause. Jacob and the Gerald police conducted warrantless searches of private residences, seized personal property, assaulted and battered individuals in their homes, and wrongfully detained individuals without cause and without a warrant. In all, nineteen plaintiffs have brought suit alleging tort claims and violation of their constitutional rights.

The allegations contained in the complaint are very serious. I have concerns, however, about how the case has been managed. Plaintiffs filed their initial complaint on May 16, 2008, and filed an amended complaint on June 9, 2008. Counsel for some defendants (the city, the police department, the mayor and the aldermen) entered an appearance on July 28, 2008. Shortly thereafter, these defendants moved to dismiss various parts of the amended complaint.

Plaintiffs failed to file a timely response to defendants' motion to dismiss, and on September 5, 2008 I ordered plaintiffs to show cause why defendants' motion should not be granted. Plaintiffs' response apparently concedes a number

of the arguments raised by the defendants.[1]  However, in addition to filing a response to the motion to dismiss, plaintiffs also filed (without the required leave of court) a new second amended complaint.[2]  This second amended complaint adds new plaintiffs to the case and raises new allegations of police misconduct.  Some of the plaintiffs in the second amended complaint appear in the caption of the pleading and nowhere else.  There are six plaintiffs who raise no specific allegations of any kind, and it is impossible to determine from the complaint how these plaintiffs are related to the case.

Lastly, plaintiffs' counsel still has yet to serve the remaining defendants.  The 120 day window for serving these defendants has long expired.  During oral argument on September 30, 2008, I gave plaintiffs until October 30, 2008 to serve the remaining defendants.  Plaintiffs' counsel has not filed anything since the oral argument indicating that service has been achieved.  Some of these defendants, including William Jacob and Police Chief Ryan McCrary, have given numerous interviews to the news media (including an appearance on 60 Minutes this week), and certainly do not appear to be in hiding.  Defendant Jacob has made court

---

[1] Plaintiffs merely state that they "offer no argument in response" to certain points raised by the defendants.  At oral argument I asked plaintiffs' counsel whether this meant that he was agreeing with the defendants as to those arguments.  Plaintiffs' counsel clarified that he was not conceding these points, but rather simply leaving it for me to decide whether defendants' arguments had merit.

[2] For reasons discussed during oral argument, I will treat the defendants' motion to dismiss as though it relates to the allegations raised in the second amended complaint.

appearances to plead guilty to charges relating to this incident, and so surely could have been found for service of the complaint. In the absence of service, however, I must dismiss the complaint against these defendants. I will give plaintiffs' counsel fourteen days to show cause why I should not do so.

## Analysis

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the

plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

1. <u>Claims against the City of Gerald Police Department</u>.

Defendants first argue that the City of Gerald Police Department is not a suable entity under any of the claims raised by plaintiffs. The Eighth Circuit has previously determined that police departments are not suable entities, but instead are merely divisions of city government. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *see also Mosley v. Reeves*, 99 F. Supp. 2d 1048, 1053 (E.D. Mo. 2000); *Russell v. City of Overland Police Dep't*, 838 F. Supp. 1350, 1352 (E.D. Mo. 1993). A local government entity that lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions of Fed. R. Civ. P. 17. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). The Missouri Supreme Court held long ago that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments:

> The health department, water department, sewer department, or any other department or utility of a city, unless expressly made suable by statute, cannot be sued either on a contract or for a tort; and this is for the reason that if liability exists, the city itself is the party liable, and not the particular department the conduct of which gave rise to the cause of action.

*American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City*, 227 S.W. 114, 116 (Mo. 1920). Plaintiffs have offered no argument in response to the

motion to dismiss with respect to the police department. Defendants' motion will be granted on this point.

2. <u>Claims arising under the Eighth Amendment</u>.

Defendants next argue that Count I of plaintiffs' complaint must be dismissed to the extent that it seeks relief under the Eighth Amendment. The Eighth Amendment relates specifically to the rights of convicted prisoners. *See Hott v. Hennepin County*, 260 F.3d 901, 905 (8th Cir. 2001). Defendants argue therefore that Eighth Amendment rights are inapplicable here, because none of the plaintiffs were convicted of a crime.

All of plaintiffs' constitutional claims arise under the Fourteenth Amendment to the Constitution. *See Gideon v. Wainwright*, 372 U.S. 335 (1963) (noting that the Fourteenth Amendment embraces "those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions"). Plaintiffs have pled numerous violations of the Fourteenth Amendment, and so I will deny the motion to dismiss on this basis. To the extent that plaintiffs are raising any claims *directly* under the Fourth, Sixth, and Eighth Amendments, such claims are not maintainable against municipal defendants.

3. <u>Claims against the City of Gerald</u>.

The City of Gerald argues that it should be dismissed from Counts II - XV of plaintiffs' complaint because the city is entitled to sovereign immunity. Under

state law, Missouri municipalities possess limited sovereign immunity for any claim relating to governmental functions. *Southers v. City of Farmington*, No. SC 88612, 2008 WL 2346191 (Mo. June 10, 2008); *Jungerman v. City of Raytown*, 925 S.W.2d 202, 204 (Mo. 1996). A municipality waives sovereign immunity, however, to the extent that it purchases liability insurance to protect against tort claims brought by plaintiffs. Under Mo. Rev. Stat. § 71.185(1):

> Any municipality engaged in the exercise of governmental functions may carry liability insurance . . . to insure such municipality and their employees against claims or causes of action for . . . personal injuries, and shall be liable . . . to the extent of the insurance so carried.

Here, plaintiffs allege in their second amended complaint that the City of Gerald carries liability insurance applicable to the claims raised.[3] The City has not presented any statement to the contrary. The City's motion to dismiss on the grounds of sovereign immunity will therefore be denied.

4. <u>Official Immunity and the Public Duty Doctrine</u>.

Finally, Mayor Otis Schulte and the members of the City of Gerald Board of Aldermen have moved to be dismissed from Count II on the basis of official immunity and the public duty doctrine.

---

[3]Plaintiffs' earlier pleadings did not mention anything about the City carrying insurance. Plaintiffs alleged that the City carries insurance in the second amended complaint, filed after the defendants filed the current motion to dismiss.

Official immunity is a judicially-created doctrine that "protects public employees from liability for acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Southers*, 2008 WL 2346191 at *3 (citing *Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. 2006)). Even a discretionary act, however, will not be protected by official immunity if the conduct is wilfully wrong or done with malice or corruption. *Id.* (citing *Schooler v. Arrington*, 81 S.W. 468, 469 (Mo. Ct. App. 1904)).

The public duty doctrine, in contrast, holds that "a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes to the general public." *Gregg v. City of Kansas City*, No. WD 68989, 2008 WL 4701501 (Mo. Ct. App. Oct. 28, 2008). The doctrine is not a form of immunity at all, but rather "negates the duty element required to prove negligence, such that there can be no cause of action for injuries sustained as the result of an alleged breach of public duty to the community as a whole." *Southers*, 2008 WL 2346191 at *5. The doctrine will not apply where defendant public employees act "in bad faith or with malice." *Id.* (quoting *Jackson v. City of Wentzville*, 844 S.W.2d 585, 588 (Mo. Ct. App. 1993)).

Plaintiffs here have pled sufficient facts to withstand a motion to dismiss on the basis of official immunity or the public duty doctrine. Plaintiffs have set forth

very broad allegations stating that the defendants acted recklessly and willfully in failing to properly train, hire and supervise the police officers for the City of Gerald. If true, these facts would likely overcome the protections afforded by official immunity or the public duty doctrine, even assuming that these defenses were applicable. Although a summary judgment motion under one of these theories might be appropriate at a later time, dismissal at this stage is not warranted. Defendants' motion to dismiss on the basis of official immunity and the public duty doctrine will be denied.

5.  Prayer for Attorney Fees.

By a separate motion, defendants have also moved to strike the plaintiffs' prayer for attorney fees in Counts III-XV of the second amended complaint.[4] Defendants' motion will be denied at this time without prejudice. Defendants may raise arguments relating to attorney fees once this case proceeds to trial. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion [#6] to dismiss is granted only to the extent that all claims against defendant City of Gerald Police Department are dismissed with prejudice. Defendants' motion is denied in all other respects. This case will be set for a Rule 16 conference by separate order.

---

[4]Defendants' motion was filed with respect to the first amended complaint, although I will treat it as though it applies to the second amended complaint.

**IT IS FURTHER ORDERED** that defendants' motion [#9] to strike plaintiffs' prayer for attorney fees is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiffs shall show cause within fourteen days why their claims against defendants Ryan McCrary, Scott Ramsey, Shannon Kestermont, and William Jacob should not be dismissed without prejudice for lack of service under Rule 4(m), Fed.R.Civ.P.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2008.